202 So.2d 8 (1967)
J.D. BOOTH, Appellant,
v.
MARY CARTER PAINT COMPANY, a Delaware Corporation, Wallace Tompkins, Crofford D. Hancock, B.C. Willoughby and Harry Lee Sutton, Appellees.
No. 67-27.
District Court of Appeal of Florida, Second District.
August 30, 1967.
Mark R. Hawes, of Hawes & Hadden, Tampa, for appellant.
E.R. Mills, Jr., Ocala, for appellees Mary Carter Paint Co., Tompkins and Hancock.
William T. Keen and Lucius M. Dyal, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees Willoughby and Sutton.
PER CURIAM.
Appellant, J.D. Booth, in his complaint charged the defendants with the negligent operation of their motor vehicles which resulted in the death of his wife. Defendants' answer denied the charge of negligence. Trial was had and the jury returned a verdict in the amount of $15,000 for the plaintiff. The trial court denied appellant's motion for a new trial and he brings this appeal seeking a new trial primarily on the question of damages only.
*9 This action at law was previously before this Court in the case styled Booth v. Mary Carter Paint Company, reported in 182 So.2d 292. The facts reported in the opinion of that case should be reviewed in order to more fully understand the facts established in the trial of the case sub judice.
Paragraph 9 of the complaint alleges:
"9. As the direct and proximate result of the aforesaid concurrent and consecutive careless and negligent acts of each of said defendants, resulting in the death of Elsie Rogers Booth, plaintiff has sustained the following damages:
"(a) The loss of care and support of plaintiff and his and decedent's minor children.
"(b) The loss of his wife's companionship, love, affection and consortium.
"(c) The loss of his wife's services as a housekeeper, mother and caretaker of their minor children.
"(d) Expenses in connection with the necessary burial of his wife."
The lower court, upon motion of the defendants, struck from the complaint subparagraph 9(a), i.e., "the loss of care and support of plaintiff and his and decedent's minor children." During the trial of the case plaintiff attempted to introduce evidence of the wife's earnings, etc., claimed under subparagraph 9(a) above mentioned, which the court refused to permit.
Based on the contents of the complaint at the time of trial, the court did not commit error in denying the proffered evidence since the complaint being tried had no provision for this specific damage. We are not passing upon the question of whether such evidence would be proper if the complaint had claimed the same.
Appellant did not assign as error the granting of the motion to strike, and consequently, this particular judicial act is not reviewable by us on appeal.
The appellant, in his reply brief, states:
"(d) The case of Potts v. Mulligan (S.Ct. 1940) 141 Fla. 685, 193 So. 767, 770, an action by the husband for the wrongful death of his wife, which held that funeral expenses the husband incurred had to be specifically pleaded, but that no allegation was necessary as to his damages for loss of society, companionship and consortium."
We do not construe the Potts case as holding that it is unnecessary to allege damages for loss of society, companionship and consortium because the declaration in that case had a bill of particulars, which alleged these items, attached as an Exhibit and was made a part thereof.
In Potts v. Mulligan, supra, syllabus 4 states:
"Where bill of particulars, which was expressly made part of the declaration in surviving husband's action for death of wife, contained an item for loss of wife's society and companionship, the pleadings were sufficient to authorize award of damages to husband for loss of wife's society and companionship, although declaration contained no express allegations as to such damages."
On page 769 of the opinion, it is stated:
"It is true that in the body of the declaration in this case there is no express or specific claim of damages for funeral expenses, but they are itemized in the Exhibit which was made a part of the declaration, and this we hold to be sufficient, provided of course said funeral expenses are recoverable by the husband in such an action as this."
Then on page 770 of the Potts opinion is the following:
"It is averred by plaintiff in error that the declaration contains no allegations as to his damages for loss of society, companionship *10 and consortium of his wife and that by reason thereof he should not be allowed to recover damages therefor. However, there is contained in the bill of particulars an item for `loss of society, companionship and consortium of wife ... $24,000.44.' It is to be noted that the purpose of a bill of particulars is to inform the defendant of the nature and character of the cause of action and for what particular items it is brought. [Citations omitted.] The item in the bill of particulars, which bill is expressly made a part of the declaration, sufficiently sets up the damages for such loss. * * *"
An agreement between William T. Keen of the firm of Shackleford, Farrior, Stallings, Glos & Evans, as counsel of record for the defendants, B.C. Willoughby and Harry Lee Sutton, and Mark R. Hawes, of the firm of Hawes and Hadden, counsel of record for the plaintiff, J.D. Booth, provides:
"1. That the maximum liability, exposure or financial contribution of the defendants, B.C. Willoughby and Harry Lee Sutton, shall be $12,500.00."
The agreement further provides:
Second, that in the event of a joint verdict against Willoughby and the Mary Carter Paint Company exceeding $37,500.00, that the plaintiff will satisfy said judgment against Mary Carter Paint Company entirely, with no contribution from Willoughby and Sutton. Provided, however, that if the Mary Carter Paint Company is not financially responsible to the extent of $37,500.00, the defendant Willoughby will contribute an amount of money between Mary Carter Paint Company's actual responsibility and the figure of $37,500.00, but not to exceed $12,500.00.
Third, Willoughby and Sutton agreed that in the event of a verdict for all the defendants, they would pay the plaintiff $12,500.00; and in the event of a verdict against Mary Carter Paint Company less than $37,500.00, that Willoughby and Sutton would contribute the sum of $12,500.00.
Fourth, Willoughby and Sutton shall continue as active defendants in the active defense of said litigation until all questions of liability and damages are resolved between the plaintiff and the other defendants.
Fifth, that should the conditions laid down in the agreement result in any financial responsibility on the part of Willoughby and Sutton, they will pay the plaintiff within five days after the questions of liability and damages between the plaintiff and the other defendants are settled or concluded.
In paragraph 6 we again find the provision that the financial responsibility, exposure or liability of Willoughby and Sutton shall not exceed the sum of $12,500.00.
Seventh, it is stated:
"It is the intention of the parties hereto that this agreement shall be construed as a conditional agreement between them as to financial responsibility only, and that it shall in no wise constitute, or be construed to constitute, a release, settlement, admission of liability, or otherwise, and shall have no effect upon the trial of this case as to liability or extent of damages, nor shall said agreement be revealed to the jury trying said case."
Eighth, it was agreed that the contents of this agreement would be furnished to no one, unless so ordered by the court, and
Ninth, that the terms and conditions specified in the agreement, which are dependent upon a jury verdict, should be equally applicable to and binding on the parties in the event plaintiff Booth amicably settles the issues of liability and damages with Mary Carter Paint Company.
This instrument was signed by Mark R. Hawes of Hawes and Hadden, attorneys *11 for the plaintiff Booth, and William T. Farrior of Shackleford, Farrior, Stallings, Glos & Evans, attorneys for B.C. Willoughby and Harry Lee Sutton.
The appellees, Mary Carter Paint Company, Hancock and Tompkins, in their brief (p. 7) state a Fourth Point as follows:
"Whether or not the trial court erred in failing to construe the Agreement between William T. Keen as counsel of record for the Defendants Willoughby and Sutton, and Mark R. Hawes as counsel of record for the Plaintiff Booth, as a release, and in denying the ore tenus motion of Defendants Mary Carter Paint Company, Hancock and Tompkins to offset the $12,500.00 consideration being paid by Defendants Willoughby and Sutton to Plaintiff Booth under the terms of said Agreement, as provided by Section 54.28, Florida Statutes?"
We hold that the instrument hereinabove discussed was not a release and that the lower court did not err in denying the ore tenus motion of defendants Mary Carter Paint Company, Tompkins and Hancock to offset the $12,500.00 consideration being paid by the defendants Willoughby and Sutton to the plaintiff Booth under the terms of said agreement, as provided by Section 54.28, Fla.Stats., F.S.A.
No cases on point were cited by the appellees and we have failed to find any. We think the instrument is what it purports to be, an agreement that would limit the liability of defendants Willoughby and Sutton to pay a sum not exceeding $12,500.00 and which would guarantee the plaintiff the sum of $12,500.00 if any verdict was secured for less than $37,500.00.
We do not think the errors raised by the parties need be discussed and we specifically deny each of the same and affirm the lower court.
Affirmed.
ALLEN, Acting C.J., and SHANNON and PIERCE, JJ., concur.