252 So.2d 407 (1971)
BILL CURRIE FORD, INC., Appellant,
v.
Joyce CASH, Appellee, and William Wesley Thomas and Tampa Sand and Material Co., Defendants/Appellees.
No. 70-575.
District Court of Appeal of Florida, Second District.
September 8, 1971.
Rehearing Denied October 8, 1971.
David J. Kadyk, and Charles W. Pittman, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Mixon & Bonner, and Ben Sidwell of Sidwell, Cheatwood & Smith, Tampa, for appellee, Joyce Cash.
Edward M. Waller, Jr., of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for appellees, William Wesley Thomas and Tampa Sand and Material Co.
MANN, Judge.
In Booth v. Mary Carter Paint Co., Fla. App.2d 1967, 202 So.2d 8, this court upheld a settlement agreement between a plaintiff and one of two independently acting tortfeasors, both of which participate in the trial and the liability of one of which is variable according to the outcome. Here we affirm a trial judge's sound refusal to allow the non-settling defendant to introduce before the jury the contents of such an agreement. We are not impressed by the argument that cross-examination of medical witnesses was not carried out by the settling defendant's attorney. Even if that defendant hadn't settled it could have foregone cross-examination, and the non-settling *408 defendant was not restricted in its efforts to keep the verdict to a minimum through cross-examination of the plaintiff's medical witnesses.
The jury's function is to determine damages and to do so without the introduction of prejudicial elements. Admission of the settlement agreement would perhaps have aided the non-settling defendant, but would have prejudiced the settling defendant, and was properly excluded. Our law favors the settlement of disputes out of court. Jordan v. Coral Gables, Fla. 1966, 191 So.2d 38, affirming Coral Gables v. Jordan, Fla. App.3d 1966, 186 So.2d 60.
Affirmed.
PIERCE, C.J., and HOBSON, J., concur.