284 So.2d 385 (1973)
John Wesley WARD et al., Petitioners,
v.
Theresa OCHOA et al., Respondents.
No. 42674.
Supreme Court of Florida.
September 26, 1973.
Rehearing Denied November 8, 1973.
*386 R. Edward Campbell of Jones, Paine & Foster, West Palm Beach, for petitioners.
John A. Gentry, III, of Moyle, Gentry, Jones & Flanigan, and Stephen C. McAliley of Carlton, Brennan, McAliley & Hayskar, West Palm Beach, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, Case No. 71-324 (July 11, 1972). Our jurisdiction is based on conflict between the decision sought to be reviewed and Booth v. Mary Carter Paint Company,[1] and Bill Currie Ford, Inc. v. Cash.[2]
The cause commenced as an action for the wrongful death of the minor son of plaintiffs, Ochoa. The accident which gave rise to the law suit involved a bus owned by defendant Markham doing business as Markham Brothers and Company and operated by defendant Ward. Also involved was a vehicle owned and operated by defendant Karen Brinkman. Due to the presence of co-defendants in the case, petitioners Ward and Markham Brothers feared the existence of a type of agreement known as the "Mary Carter Agreement," so-named after the case of Booth v. Mary Carter Paint Co., supra. Prior to trial, petitioners filed a motion to produce such *387 an agreement and the motion was denied. The motion was again made after trial and again denied and final judgment was entered pursuant to a jury verdict in favor of the plaintiff and against petitioners in the amount of $15,000.00.
On appeal, the District Court, 271 So.2d 173, rendered the following decision:
"On the authority of the opinion we have filed this date in the case of Maule Industries, Inc. et al. v. Rountree, Fla.App. 1972, 264 So.2d 445, we find that the court erred in denying appellants' pretrial and post-trial motions for an order requiring the plaintiff to produce for inspection and copying the agreement which she had entered into before trial with the remaining defendants.
"We conclude from our examination of the record that such error did not result in prejudicial harm to appellants during the trial of this cause. Hence, there is no reason to disturb the verdict for the plaintiff or to grant appellants a new trial.
"We cannot determine that the error was harmless as pertains to the entry of the judgment. Therefore, the judgment is reversed and this cause remanded for further proceedings to afford appellants the opportunity to apply to the trial court for any setoff to which they may be entitled under the provisions of Section 768.041(2), F.S. Thereafter, plaintiff-appellee shall be entitled to have judgment entered in her favor against appellants for the amount of the verdict less any setoff to which appellants shall be found entitled."[3]
Our examination of the foregoing statute leads us to conclude that it was the intent of the Legislature that, if a judgment is entered against a defendant and there has been a release or covenant not to sue, then there is a set-off for the amount paid thereunder to the plaintiff.
A "Mary Carter Agreement", however, is basically a contract by which one co-defendant secretly agrees with the plaintiff that, if such defendant will proceed to defend himself in court, his own maximum liability will be diminished proportionately by increasing the liability of the other co-defendants. Secrecy is the essence of such an arrangement, because the court or jury as trier of the facts, if apprised of this, would likely weigh differently the testimony and conduct of the signing defendant as related to the non-signing defendants. By painting a gruesome testimonial picture of the other defendant's misconduct or, in some cases, by admissions against himself and the other defendants, he could diminish or eliminate his own liability by use of the secret "Mary Carter Agreement."
The search for the truth, in order to give justice to the litigants, is the primary duty of the courts. Secret agreements between plaintiffs and one or more of several multiple defendants can tend to mislead judges and juries, and border on collusion. To prevent such deception, we are compelled to hold that such agreements must be produced for examination before trial, when sought to be discovered under appropriate rules of procedure. If the agreement shows that the signing defendant will have his maximum liability reduced by increasing the liability of one or more co-defendants, such agreement should be admitted into evidence at trial upon the request of any other defendant who may stand to lose as a result of such agreement. If defendants not directly affected by such agreement move for severance because of possible prejudice to them, the Court shall *388 exercise its sound discretion in granting or denying such motion.
We, therefore, specifically reject the views expressed in Booth v. Mary Carter Paint Company, supra, and Bill Currie Ford, Inc. v. Cash, supra, and any other cases previously holding contrary to this decision.
For the foregoing reasons, we affirm the portion of the District Court opinion holding "Mary Carter Agreements" admissible in evidence. Because we feel a set-off in favor of the petitioners would be insufficient in correcting possible injustice, and would therefore be inconsistent with due process, we hold that a new trial must be granted.
Wherefore, this cause is remanded to the District Court for further proceedings consistent herewith.
It is so ordered.
ROBERTS, Acting C.J., concurs.
ERVIN, J., concurs. I think Mary Carter agreements are void. See Linn v. Stinett, Nev. 1971, in 488 P.2d 347.
DEKLE, J., concurs specially with opinion.
McCAIN, J., dissents. I would only reverse that part of DCA-4 opinion remanding on the judgment. No prejudice has been demonstrated.
ADKINS, J., dissents and agrees with McCAIN, J.
SPECTOR, District Court Judge, dissents and agrees with McCAIN and ADKINS, JJ.
DEKLE, Justice (concurring specially):
I concur in the majority opinion and would add that this holding points to a similar problem which of necessity arises from our recent adoption of comparative negligence,[1] bringing into serious question the basic, long-time rule against contribution among joint tortfeasors. This, in a sense, is the background question involved here.
In any full consideration of the degrees of liability of the parties involved in a single accident, it now seems essential to a complete disposition of the relative claims, that we remove the limitation imposed by the rule against the division of liability among joint tortfeasors. A further reason supporting such discontinuance of the rule, in view of the change in the law, is the fact that in most instances tortfeasors are financially reliable through insurance coverage. This fact eliminates one of the basic reasons for the rule which was to insure a full recovery by an injured party, no matter against which one he had to go for how much.
In the present posture of the matter, for "equal justice" on a comparative basis, any involved party should be brought into the matter in such position as he actually appears, and the limitation on our own Florida third party practice which stands in the way of this should be revamped accordingly.[2] To continue without this completion of the change over to comparative negligence, is to allow what was a well-intended joint tortfeasor rule to be used unfairly as a tool to avoid complete justice. The object is to have a full and fair evaluation by the jury of the extent of each party's actual liability.
NOTES
[1] 202 So.2d 8 (Fla.App.2d 1967).
[2] 252 So.2d 407 (Fla.App.2d 1971).
[3] Section 768.041(2) provides: "At trial if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the Court shall set off this amount from the amount of any judgment to which the plaintiff would otherwise be entitled at the time of rendering judgment and enter judgment accordingly."
[1] Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
[2] See Rule 1.180, F.R.C.P., 30 F.S.A., which provides, in pertinent part, "At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (emphasis added)