284 So.2d 389 (1973)
MAULE INDUSTRIES, INC., and Johnny Dunlap, Petitioners,
v.
Joan L. ROUNTREE and David R. Rountree et al., Respondents.
No. 42739.
Supreme Court of Florida.
September 26, 1973.
Rehearing Denied November 16, 1973.
John R. Beranek of Jones, Paine & Foster, West Palm Beach, for petitioners.
Ronald E. Jones, West Palm Beach, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 264 So.2d 445. Our jurisdiction is based on conflict between the decision sought to be reviewed and Booth v. Mary Carter Paint Company,[1] and Bill Currie Ford, Inc. v. Cash.[2]
Plaintiff Rountree, respondent herein, was severely injured in a three-car collision. The defendants Walker and Woods were the owner and driver of a Pontiac automobile which struck plaintiff's car and the defendants, Maule Industries and Johnny Dunlap, were the owner and driver of a cement truck which also struck plaintiff's car. A verdict and judgment was entered against all defendants in the amount of $300,000.00. Prior to trial, counsel for Maule and Dunlap moved to produce a certain agreement commonly known as a "Mary Carter Agreement" which counsel believed to exist between the plaintiffs and the defendants Walker and Woods. The trial court denied the pretrial motion to produce, and after entry of judgment, on post-trial motion, the agreement in question was produced and forms part of the record on appeal.
*390 On appeal, the District Court found that the trial court's failure to require pretrial production of the agreement constituted error but that this error was not prejudicial to the defendants Maule and Dunlap. The agreement in question, patterned after the one in Booth v. Mary Carter Paint Company, supra, provided that Woods and Walker would continue in active defense of the litigation, but that their financial responsibility would be limited in accordance with the agreement. In this regard, the agreement provided that if the verdict were to be returned against Woods and Walker solely, they could satisfy the judgment entered thereon by paying the plaintiff $10,435.00 plus taxable costs, but that if the verdict were returned against all of the defendants, no contribution whatever would be required from Woods and Walker or their insurance carrier, and plaintiffs would look solely to the other defendants for satisfaction of the judgment. The District Court refused to hold, as urged by Maule and Dunlap, that "Mary Carter Agreements" are void as against public policy. The District Court did hold that the trial court erred in denying the pretrial motion for production of the agreement, but also found that the error did not prejudicially affect the non-signing defendants, either in the presentation of evidence or in the closing arguments before the jury. In reaching this result, the District Court stated:
"There are two reasons why agreements of this type are a proper subject for pretrial discovery. First, there is the possibility that the agreement would be of such a nature as would sustain the non-signing defendant's entitlement to a setoff under F.S. Section 768.041, F.S.A. While this would depend upon the form and content of the particular agreement, such defendant should have the opportunity to have the information prior to trial so that if setoff is appropriate under the statute, the necessary information may be brought to the court's attention at the time of trial. Second, the moving party is entitled to have the agreement available for use in evidence to the extent that it is relevant to any of the matters in issue. One of the criteria for judging the credibility of a witness' testimony is his interest in the outcome of the trial. We are of the view that when some of the defendants in a personal injury action have entered into a written agreement with the plaintiffs whereby the signing defendants are assured of immunization from the judgment should the verdict either be against all defendants (as was the case here) or exceed an agreed sum, (which, while not the case here, is a common arrangement in agreements of this type), evidence of such agreement would be a proper consideration for the jury in evaluating the credibility of the testimony of a party to the agreement."[3]
Today, this Court has issued an opinion in Ward v. Ochoa,[4] which holds "Mary Carter Agreements" to be admissible into evidence, and which grants petitioners in that case a new trial where the trial court had ruled such agreements inadmissible. In that case, we said: "If the agreement shows that the signing defendant will have his maximum liability reduced by increasing the liability of one or more co-defendants, such agreement should be admitted into evidence at trial upon the request of any other defendant who may stand to lose as a result of such agreement." Based upon Ward v. Ochoa, and the authorities cited therein, we affirm the portion of the District Court's opinion holding that "Mary Carter Agreements" are a proper subject for pretrial discovery. We disagree, however, that the denial of such discovery was not prejudicial to petitioners, *391 and we therefore hold that a new trial must be granted.
Wherefore, this cause is remanded to the District Court for further proceedings consistent herewith.
It is so ordered.
ROBERTS, Acting C.J., concurs.
ERVIN, J., concurs. See Ward v. Ochoa, supra, No. 42,674.
DEKLE, J., concurs specially. See special concurring opinion in Ward v. Ochoa, supra, No. 42,674.
McCAIN, J., dissents. I would affirm. No prejudice has been demonstrated.
ADKINS, J., dissents and agrees with McCAIN, J.
SPECTOR, District Court Judge, dissents and agrees with McCAIN and ADKINS, JJ.
NOTES
[1] 202 So.2d 8 (Fla.App.2d 1967).
[2] 252 So.2d 407 (Fla.App.2d 1971).
[3] 264 So.2d at 447-448, Fla. (Footnote omitted.)
[4] Fla., 284 So.2d 385.