288 So.2d 253 (1973)
Stanley R. KUHNS et al., Petitioners,
v.
Deborah Anyzeski FENTON et al., Respondents.
No. 43697.
Supreme Court of Florida.
December 19, 1973.
Rehearing Denied February 4, 1974.
Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for petitioners.
Richard W. Slawson, Thompson, Tucker & Slawson, West Palm Beach, for respondents-Fenton.
Michael B. Davis, Walton, Lantaff, Schroeder, Carson & Wahl, Fort Lauderdale, for respondents-Hinz and State Farm.
PER CURIAM.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District (Kuhns v. Fenton, 274 So.2d 605), which allegedly conflicts with a prior decision of that same court (Maule Industries, Inc. v. Rountree, 264 So.2d 445). We have jurisdiction pursuant to Fla. Const., art. V, § 3(b)(3), F.S.A.
In the case sub judice, petitioners Kuhns and Nationwide Insurance Company were defendants in the trial court. Respondents Hinz and State Farm Fire & Casualty Insurance Company were co-defendants, and respondents Fentons were plaintiffs. Plaintiff Deborah Anyzeski Fenton entered into a "Mary Carter Agreement" with defendant State Farm Fire & Casualty Insurance Company. The trial court granted defendant Kuhns' motion to produce the "Mary Carter Agreement," but at trial denied Kuhns' and Nationwide's offer to introduce it into evidence. The jury returned a verdict for plaintiffs and defendants Kuhns and Nationwide appealed. The District Court of Appeal, Fourth District, rendered a per curiam affirmance.
In Maule Industries, Inc. v. Rountree, supra, a pre-trial motion to produce a "Mary Carter Agreement" was denied by the trial court. The District Court held that the trial court's failure to require a pre-trial production of the agreement constituted error, but that this error was not prejudicial. Upon review (Maule Industries, Inc. v. Rountree, Fla., 284 So.2d 389 opinion filed September 26, 1973), we held that "Mary Carter Agreements" are a proper subject for pre-trial discovery and that the denial of such discovery was prejudicial to petitioners. Mr. Justice Boyd, quoting from Ward v. Ochoa, Fla., 284 So.2d 385 opinion filed September 26, 1973, stated:
"If the agreement shows that the signing defendant will have his maximum liability reduced by increasing the liability of one or more codefendants, such agreement should be admitted into evidence at trial upon the request of any other defendant who may stand to lose as a result of such agreement."
*254 In the case sub judice, the agreement entered into between Deborah Anyzeski Fenton and State Farm Fire & Casualty Insurance Company apparently had the purpose of reducing the maximum liability of codefendant State Farm. The petitioners' request to admit the agreement into evidence was denied by the trial court.
Based upon our holdings in Maule Industries, Inc. v. Rountree, supra, and Ward v. Ochoa, supra, the petition for writ of certiorari is granted. The decision of the District Court of Appeal is quashed and this cause is remanded to the District Court for further proceedings consistent herewith.
It is so ordered.
CARLTON, C.J., and ADKINS, BOYD and DEKLE, JJ., concur.
McCAIN, J., dissents.