288 So.2d 509 (1973)
Maurice WEINSTEIN et al., Appellants,
v.
NATIONAL CAR RENTALS et al., Appellees.
Robert LANDIS, Appellant,
v.
Maurice WEINSTEIN et Ux. et al., Appellees.
Nos. 73-421, 73-459.
District Court of Appeal of Florida, Third District.
December 21, 1973.
Opinion Clarified and Rehearing Denied February 4, 1974.
*510 Whitman & Wolfe, Miami, for the Weinsteins and Nixons.
Weinstein & Bavly, Miami, for Landis.
Adams, George, Wood, Schulte & Thompson, Jeanne Heyward, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellants and defendant-appellant Robert Landis appeal the trial court's order granting defendant-appellees post judgment relief by way of proportionally setting-off against and deducting the sum of $20,000 from the sums awarded plaintiff-appellants.
Plaintiffs, Maurice and Minnie Weinstein and Barney and Rose Nixon, sustained serious injuries as the result of a collision involving three automobiles. Plaintiffs filed suit against defendants National Car Rentals, Randy Herman, Dr. Herman and Robert Landis. Prior to trial, plaintiffs entered into a so called "Mary Carter Agreement" with defendant Landis and his insurer, Nationwide Mutual Fire Insurance Company, whereby Robert Landis was to continue as an active defendant in the litigation but his own maximum liability (i.e. $20,000) would be diminished proportionately by increasing the liability of the other co-defendants. The agreement further provided that if plaintiffs should receive a total verdict of less than $180,000, then Nationwide would pay for itself and Landis $20,000 over and above the total verdict. At the conclusion of the trial, the jury returned a verdict in the sum of $100,000 for plaintiffs against defendants Randy Herman, Dr. Herman and National Car Rentals; however, Robert Landis was absolved. After judgment was entered thereon, defendant-appellees Randy Herman, Dr. Herman and National Car Rentals filed a motion for entry of a set-off in the amount of $20,000 which plaintiffs were entitled to receive from defendant Landis and his insurer pursuant to the Mary Carter Agreement. The trial judge granted the motion and plaintiffs and defendant Landis individually appealed therefrom. Both appeals were consolidated.
On appeal, all appellants contend that the trial court erred in granting appellees' motion for set-off.
First, we note that Mary Carter Agreements in Florida are not void as against public policy and an order directing a set-off based thereon is not proper. See Booth v. Mary Carter Paint Company, Fla.App. 1967, 202 So.2d 8.
However, an examination of the record reveals that on the morning of trial before impanelling the jury, plaintiffs' counsel moved to bring the fact of the Mary Carter type agreement in the case sub judice to the attention of the jury. This motion was denied. In light of the recent Florida Supreme Court's decision in Ward v. Ochoa, Fla. 1973, 284 So.2d 385 that such agreements are admissible into evidence, we find the denial of the motion of counsel for plaintiffs to be prejudicial error. See also Maule Industries, Inc. v. Rountree, Fla. 1973, 284 So.2d 389.
Accordingly, a set-off in favor of the appellees being insufficient in correcting possible injustice and therefore inconsistent with due process, we reverse the order granting the set-off and remand the cause for a new trial.
It is so ordered.

ON PETITION FOR CLARIFICATION
PER CURIAM.
The only order appealed in this cause was the granting of a set-off in favor of defendants National Car Rentals, Inc., Randy S. Herman and Dr. Herman with regards to the judgment rendered in favor of plaintiffs on their complaint. The issues raised by the cross-claims and countercross claims of defendants, not having been *511 appealed, were not before this court. Thus, the cause is remanded for a new trial only as to the issues raised by the plaintiffs' complaint.
It is so ordered.