291 So.2d 250 (1974)
GENERAL PORTLAND LAND DEVELOPMENT COMPANY, Etc., et al., Appellants,
v.
Marvin Lee STEVENS and Mary Catherine Stevens et al., Appellees.
Nos. 73-386, 73-387.
District Court of Appeal of Florida, Fourth District.
March 15, 1974.
Rehearing Denied April 2, 1974.
*251 John R. Beranek and L. Martin Flanagan of Jones, Paine & Foster, P.A., West Palm Beach, for appellants.
Robert L. Saylor, of Farish & Farish, West Palm Beach, and Ben J. Weaver, and Diane D. Hathaway of Kirsch, Druck & Mills, Fort Lauderdale, for appellees.
PER CURIAM.
This is an appeal by General Portland Land Development Company, one of several defendants below, from a final judgment entered pursuant to a jury verdict in favor of the plaintiff.
In light of the recent decisions by the Supreme Court of Florida in Ward v. Ochoa, Fla. 1973, 284 So.2d 385, and Maule Industries, Inc. v. Rountree, Fla. 1973, 284 So.2d 389, holding "Mary Carter agreements" admissible in evidence, the final judgment is set aside and a new trial granted to the appellant.
A review of the record reveals that although the court required the production of a "Mary Carter agreement" the record also unmistakably reflects the trial court's determination that such agreement not be placed in evidence.[1] The appellees, however, contend that no error occurred below inasmuch as appellant never "offered into evidence" the Mary Carter agreement. Where, as the record here indicates, the court has already determined that the Mary Carter agreement would not be divulged to the jury, a proffer (or other request) would have been unavailing; and, therefore it was unnecessary for the appellant, in order to demonstrate error below, to have shown that he had attempted to offer the agreement in evidence. Seeba v. Bowden, Fla. 1956, 86 So.2d 432. Cf. Robbins v. Thompson, Fourth District Court of Appeal, 291 So.2d 225, opinion filed March 8, 1974.
Reversed and remanded.
WALDEN, MAGER and DOWNEY, JJ., concur.
NOTES
[1] The following excerpts from the record of the proceedings below reflect the court's determination as to the admissibility of the Mary Carter agreement:

"MR. FLANAGAN: Your Honor, I have a very strong feeling that Hembree Masonry and the Plaintiff have entered into an agreement, a Mary Carter type agreement.
* * * * *
"THE COURT: You can know it but the jury can't know it.
* * * * *
"THE COURT: It would just be accounted for, reckoned with, consideration given after the case is over.
"MR. FLANAGAN: Will the Court order a production of this document?
"THE COURT: Is there a document?
"MR. JONES: Yes, there is.
"THE COURT: I think he is entitled to it.
"MR. JONES: Do you want to argue that, Bob?
"MR. SAYLOR: I missed it.
"THE COURT: I don't think he has to take your word. I think he is entitled to see the document.
"MR. SAYLOR: Your Honor 
"THE COURT: But it's not to be disclosed to this jury."
(Transcript 75, 76)
* * * * *
"MR. FLANAGAN: Before I forget it. One other thing before the jury comes back in.
The agreement, the so-called Mary Carter agreement between Hembree Masonry and the plaintiff, the Court has already stated that the ruling is that it is not properly in evidence. I would ask that it be marked for identification and placed with the Court record.
"THE COURT: Any objection?
"MR. JONES: No objection.
"THE COURT: Its contents not to be divulged to this jury.
"MR. FLANAGAN: Yes, sir. Understood.
* * * * *
"THE COURT: This is being tendered not in evidence, for identification, for identification purposes, not to be divulged to the jury, under specific instructions from the court.
"MR. FARISH: I don't mind it being filed in the record, Judge, but I don't think it should be a part of the trial proceedings. As long as this remains part of the Court file and not a part of these trial proceedings.
"THE COURT: That's right.
Miss Clerk, it's not to be included in the proceedings of this trial. All right." (Transcript 786, 787, 788)