DOWNEY, Judge
(dissenting).
As a result of a three-car rear-end collision the plaintiff-appellee Armstrongs sued (a) defendant-appellants Parish and Roger Dean Chevrolet, Inc., the operator and owners of the second car, and (b) defendant-appellee Faucher, the owner-operator of the third car.
Prior to trial counsel for the defendant-appellants had been advised several times by counsel for the Armstrongs that Faucher had not made any offer of settlement. However, prior to the completion of the presentation of the Armstrongs’ case in chief, the appellants learned that the Arm-strongs and Faucher had entered into a liability limiting agreement. Accordingly, counsel for the appellants advised the court:
“Judge, I just discovered that a situation similar to Mary Carter has been entered between the plaintiffs here and Mr. Pax-ton [counsel] for Mrs. Faucher and the insurance company and I would like either the oral or written agreement to be presented to the jury.”
In the absence of the jury counsel argued the admissibility of the agreement. The court ultimately ruled that the law was still unsettled on the question of the admissibility of so-called Mary Cárter agreements, and it denied appellants’ motion to present the agreement to the jury. The propriety of that ruling presents the sole question on appeal.
The thrust of appellees’ argument on appeal is that the question cannot be reviewed because the appellants never proffered the agreement in question and so did not make the agreement part of the record; therefore, one cannot determine whether the agreement was admissible or not. Unquestionably it would have been better if the appellants had had the agreement marked as an exhibit so that it would have become part of the record. However, during the course of the argument before the court on the admissibility of the agreement, counsel for Faucher candidly acknowledged to the court that his client and the Armstrongs had in fact entered into an agreement which limited Faucher’s liability. Under those circumstances the record is sufficient to demonstrate the gist of the agreement and its admissibility, as the limitation of one of several defendants’ maximum liability is the essence of a Mary Carter agreement. Ward v. Ochoa, Fla. 1973, 284 So.2d 385.
*769 In fairness to both the trial judge and counsel, it should be pointed out that the trial of this case antedated the Supreme Court’s decision in Ward v. Ochoa, supra, and they did not have the benefit of a “Monday morning” call as we do.
However, under the circumstances I believe the agreement in question was admissible, and that in the light of the Supreme Court’s holding in Ward v. Ochoa, supra, it was reversible error to deny appellants’ motion to admit it into evidence.
Accordingly, I dissent.