311 So.2d 732 (1975)
IMPERIAL ELEVATOR COMPANY, INC., a Florida Corporation, and the Travelers Insurance Company, a Foreign Corporation, Appellants,
v.
Hannah COHEN et al., Appellees.
Nos. 74-608, 74-609, 74-681.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Rehearing Denied May 14, 1975.
Adams, George, Wood, Lee, Schulte & Thompson, Jeanne Heyward, Miami, for appellants.
*733 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
These are consolidated appeals by the defendants, Imperial Elevator Company, and its insurer, the Travelers Insurance Company, from a final judgment in a personal injury action, entered pursuant to a jury verdict finding both appellant, Imperial Elevator Company, and its co-defendant, Penn Ten Manor Condominium, Inc., to be negligent.[1]
The plaintiff, Hannah Cohen, a resident of Penn Ten Manor condominium, filed suit against the appellants and two co-defendants, Penn Ten Manor Condominium, Inc., and Highlands Insurance Company, for damages stemming from an injury which she sustained in the elevator, a common element owned by the defendant, Penn Ten Manor Condominium, Inc. The elevator was installed by and maintained as per a service contract with the defendant, Imperial Elevator Company, appellant herein.
The main thrust of Imperial Elevator's appeal is that the court erred in not allowing the defendant-appellants to advise the jury of the "Mary Carter Agreement" between Penn Ten Manor and Hannah Cohen, where they first learned of such agreement during the course of the trial. We agree and reverse as to damages alone.
It is uncontradicted that on the Saturday prior to the call of the calendar on Monday, at which time the trial commenced, an agreement was entered into by and between plaintiff and co-defendants, Penn Ten Manor Condominium, Inc., and Highlands Insurance Company, providing that Penn Ten Manor would pay up to $50,000 if the verdict was not in excess of $125,000. In the event the verdict was in excess of $125,000 Penn Ten Manor would contribute nothing to any verdict that might be entered against it. During the third day of the trial, counsel for the appellant, Imperial Elevator, sensed from the conduct of the trial by the attorney for Penn Ten Manor that there may have been a "Mary Carter Agreement." Inquiry was made of counsel for the respective parties, Cohen and Penn Ten Manor, as to whether such an agreement had been entered into and upon learning of such agreement, counsel for defendants, Imperial Elevator and Travelers Insurance Company, requested the court to permit disclosure of this information to the jury even though the plaintiff's witnesses had testified and the plaintiff had rested her case. The court denied the request. The appellants contend that this ruling was prejudicial as it was obvious that Penn Ten Manor was not conducting its defense in such a manner as to limit the amount of liability, if any, and in addition, was casting blame on Imperial Elevator. Counsel for the plaintiff contends that it was the duty of the attorney for Imperial Elevator either at the calling of the calendar or at some time prior to the commencement of trial, to make such inquiry and that such request, not timely made, was prejudicial to the plaintiff's case.
The following decisions reflect the position of Florida courts on the issue of "Mary Carter Agreements." In Ward v. Ochoa, the leading case, Fla. 1973, 284 So.2d 385, the Florida Supreme Court held not only that "Mary Carter Agreements" are admissible into evidence but also that where the trial court has ruled such agreements inadmissible, it will be reversed and compelled to grant a new trial in order to *734 afford due process.[2] See also Maule Industries, Inc. v. Rountree, Fla. 1973, 284 So.2d 389. In General Portland Land Development Company v. Stevens, Fla.App. 1974, 291 So.2d 250, it was reversible error for the trial court to refuse to disclose the "Mary Carter Agreement" to the jury. Accord Kuhns v. Fenton, Fla. 1973, 288 So.2d 253, wherein the trial court erred in refusing to admit the agreement into evidence at trial, and Weinstein v. National Car Rentals, Fla.App. 1973, 288 So.2d 509, wherein it was found to be prejudicial error for the court to deny the plaintiff's motion to bring the agreement to the attention of the jury. Therefore, we reverse the ruling of the trial court and direct that a new trial be granted as to damages. Permitting the plaintiff to remain silent as to the fact that such an agreement was entered into on Saturday before Monday's trial, thus preventing appellant's counsel from discovering the agreement via conventional methods of discovery, would result in manifest injustice to the defendant, Imperial Elevator Company. The jury is entitled to be advised of such an agreement since it relates to the credibility and demeanor of the witnesses and their interest in the outcome of the case, as well as to conduct of counsel during the course of the trial.
The plaintiff's contention that it was the obligation of the attorney for Imperial Elevator Company to request such information prior to trial is without merit. Imperial's assignments of error directed to the negligence verdict are also without merit.
Reversed and remanded to the trial court with directions to grant a new trial solely on the issue of damages.
NOTES
[1] The jury completed special verdict forms finding Imperial Elevator to be 95 per cent negligent and Penn Ten Manor to be 5 per cent negligent, but this is immaterial as the court entered final judgment in favor of the plaintiff against all of the defendants without regard to the apportionment of negligence.
[2] The following language set forth in Ward v. Ochoa, supra, 284 So.2d 385 at page 387 reflects the Supreme Court's rationale for the policy of admitting such agreements:

"A `Mary Carter Agreement', however, is basically a contract by which one co-defendant secretly agrees with the plaintiff that, if such defendant will proceed to defend himself in court, his own maximum liability will be diminished proportionately by increasing the liability of the other codefendants. Secrecy is the essence of such an arrangement, because the court or jury as trier of the facts, if apprised of this, would likely weigh differently the testimony and conduct of the signing defendant as related to the non-signing defendants. By painting a gruesome testimonial picture of the other defendant's misconduct or, in some cases, by admissions against himself and the other defendants, he could diminish or eliminate his own liability by use of the secret `Mary Carter Agreement.'"