330 So.2d 477 (1975)
ATLANTIC AMBULANCE AND CONVALESCENT SERVICE, INC., and Travelers Insurance Company, Appellants,
v.
Geraldine ASBURY et al., Appellees.
Nos. 74-1706 and 74-1751.
District Court of Appeal of Florida, Fourth District.
November 14, 1975.
*478 Edna L. Caruso, West Palm Beach, William D. Thompson, Howell, Kirby, Montgomery, D'Aiuto & Dean, Fort Lauderdale, for appellants.
Robert Orseck, Podhurst, Orseck & Parks, P.A., Miami, and Ferrero, Middlebrooks & Houston, Fort Lauderdale, for appellees Asbury.
Nancy Little Hoffmann, Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, for appellees State Farm and Goldman.
MAGER, Judge.
Upon a review of the record we are of the opinion that no reversible error is reflected in the trial court's denial of Atlantic Ambulance and Travelers' (defendants-appellants) motions for a new trial.
We are satisfied that the limitation-of-liability agreement between defendant State Farm and plaintiff Asbury (appellees herein) did not exist prior to or during trial so as to be characterized as a "Mary Carter" agreement subject to discovery within the contemplation of Ward v. Ochoa, Fla. 1973, 284 So.2d 385. The record sufficiently reflects that the subject agreement did not arise until after the jury retired and was not entered into in such manner or in an effort to circumvent the pronouncements of Ward v. Ochoa.
The essence of the "Mary Carter" agreement is the secrecy of its existence or arrangement whether in form or substance prior to or during the trial the disclosure of which is required so as to enable the trier of fact, i.e. the jury, to be fully apprised of all factors bearing upon the testimony and conduct of the signing as well as the non-signing parties. Such is not the case here and therefore the trial court was correct in denying defendants' motions for new trial.
However, we are of the opinion that the trial court erred in denying defendants' (Atlantic Ambulance and Travelers) motion to set-off the amount submitted for payment by State Farm to plaintiff pursuant to said agreement, to wit, $3,297. Defendants were entitled to have the amount of the verdict, i.e. $30,000 reduced by the amount that defendant State Farm transmitted to plaintiff pursuant to its agreement. Ward v. Ochoa, supra; see also sec. 768.041(2), F.S.; cf. Leaseco, Inc. v. Bartlett, Fla.App. 1971, 257 So.2d 629,[1] *479 The following statement made by a sister state court fully reflects what we perceive to be the intended application of the set-off concept:
"... Any amount received by a party as compensation for his injuries, whether under a covenant not to sue, a conditional release or any other kind of arrangements, should be applied as a pro tanto reduction upon damages recoverable from another joint tort-feasor... ." Williams v. Colquett, 1961, 272 Ala. 577, 133 So.2d 364, 368. (Emphasis ours.)
See also Restatement, Torts, § 885, and Prosser, Law of Torts, 4th ed., sec. 49, pp. 304-5.
The subject limitation-of-liability agreement, although not a "Mary Carter" agreement for the reasons as hereinabove discussed, is nevertheless some form of "arrangement" resulting in the payment of an "amount received by a party as compensation for his injuries" subject to set off.[2]
Having considered and found all other appellate points to be without merit[3] the final judgments are affirmed except as modified. The cause is remanded to the trial court with respectful direction to enter an appropriate order reducing the verdict and final judgment by $3,297.
Affirmed, as modified.
WALDEN, C.J., and CROSS, J., concur.
NOTES
[1] The import of the decision in Booth v. Mary Carter Paint Company, Fla.App. 1967, 202 So.2d 8, has, in our opinion, been effectively overruled by Ward v. Ochoa, supra.
[2] The limitation-of-liability agreement, strictly speaking, is not a release or covenant not to sue; but it does have all the aspects of a covenant not to enforce judgment. The Uniform Contribution Among Joint Tortfeasors Act, sec. 768.31, F.S., cited by appellants, provides that when any of the aforementioned types of agreements are entered into the effect is to reduce the claim against the other tortfeasors to the extent of any amount stipulated by the covenant or consideration paid for such covenant.
[3] Defendants' contention regarding the failure of the trial court to instruct the jury on apportioning the negligence of all of the defendants is rendered moot by the action ultimately taken by the jury in that respect and by the recent decision in Lincenberg v. Issen, Supreme Court of Florida, 1975, 318 So.2d 386, construing the Uniform Contribution Among Joint Tortfeasors Act as requiring a pro rata apportionment of damages rather than an apportionment based upon percentages of fault.