PER CURIAM.
Upon review and due consideration of the appellate issues we are of the opinion that the record on appeal reflects several errors, the totality of which warrant the granting of a new trial. In particular, admission into evidence of a Mary Carter agreement in a modified and excised form and later referred to by counsel as a “secret agreement” was prejudicial and contrary to the holdings in Imperial Elevator Co., Inc. v. Cohen, 311 So.2d 732 (Fla. 3d DCA 1975); General Portland Land Development Co. v. Stevens, 291 So.2d 250 (Fla. 4th DCA 1974); Weinstein v. National Car Rentals, 288 So.2d 509 (Fla. 3d DCA 1973); Ward v. Ochoa, 284 So.2d 385 (Fla.1973). Accordingly, the final judgment is reversed and the cause remanded for a new trial or such other proceedings as may be consistent herewith.
REVERSED AND REMANDED.
MAGER, C. J., ANSTEAD and LETTS, JJ., concur.