## Hatfield v. Continental Imports Inc.

*James Womer,* for plaintiffs.
*Bruce McCullough,* for defendant.
*Raymond Quaglia,* for additional defendant.

MIRARCHI, Jr., *J.,* November 30, 1989 — This case involves a personal injury claim whereby plaintiffs, Agnes and Herbert Hatfield, in their complaint, set forth causes of action in negligence and products liability under section 402A (of the Re-

statement of Torts) against Continental Imports Inc., and Marvin Gross and Leonard Gross individually and trading as Warehouse Imports (hereinafter called Continental and Gross). Counsel for original defendants, Continental and Gross, filed a writ to join as an additional defendant Talin Industria Arredamenti, an Italian manufacturer.

Trial was scheduled for October 25, 1988, and the day before trial was to begin, the additional defendant, Talin, presented a motion in limine to this court, seeking permission to introduce into evidence a settlement agreement and release dated June 20, 1983, between Agnes and Herbert Hatfield, plaintiffs, and Continental and Gross, defendants. After oral argument Talin's motion was granted.

In response to the numerous objections to that ruling this court granted counsel for Continental and Gross 24 hours to file written responses to additional defendant's motion in limine.

On October 27, 1988, counsel for original defendants filed a memorandum in opposition to the motion in limine. Additionally, plaintiffs filed a motion for reconsideration of the order of October 25, 1988. At the October 27, 1988 session, counsel met in chambers whereby the undersigned orally denied plaintiffs' motion for reconsideration and reaffirmed the order of October 25, 1988.

On December 7, 1988, the court confirmed the orders entered in court on October 25, 1988 and October 27, 1988.

From this order plaintiffs and original defendants filed a petition for permission to appeal to the Superior Court of Pennsylvania under 42 Pa.C.S. §702(b), which this court granted.

The issue presently before this court is the admissibility of the agreement and release executed on June 20, 1983, by plaintiffs and original defendants,

Continental and Gross. Plaintiffs, Agnes and Herbert Hatfield, initiated this suit on February 6, 1980, to recover monetary damages for personal injuries Mrs. Hatfield sustained on April 15, 1978. On that date, plaintiff alleged she incurred serious permanent injuries to her back, when the chair she was sitting in suddenly collapsed.

The chair involved had been purchased from original defendants, Continental and Gross. On February 26, 1980, defendants joined the manufacturer, Talin, as additional defendant.

Prior to trial, plaintiffs and the original defendants entered into a structured settlement. This settlement agreement, executed on June 20, 1983, released the original defendants from liability, in return for $200,000 paid to plaintiffs.

Under the terms of the agreement plaintiffs were required to pursue an action against additional defendant, Talin. Part one of the settlement agreement provided:

"In addition to the foregoing, the plaintiffs also agree to pursue an action against Talin Industria Arredamenti. If the action against Talin Industria Arredamenti is successful the plaintiffs will return $50,000 to releasees, free and clear of all fees and expenses except that releasors agree to pay 50 percent of the expenses of the litigation against Talin Industria Arredamenti, incurred after the signing of this release. If releasees are able to settle their claim against Talin prior to trial, they will return to the releasees $25,000 free and clear of all fees and expenses."

A day before the case was called for trial, Talin filed a motion in limine to have this settlement agreement and release admitted into evidence.

Talin's primary contention is that this settlement agreement between plaintiff and defendants Conti-

nental and Gross constitutes a "Mary Carter" agreement and should be admitted into evidence at trial.

The underlying premise is that the agreement constitutes a "Mary Carter" agreement. A Mary Carter agreement is similar to a general release. The term arose from the agreement made popular by the case of *Booth v. Mary Carter Paint Co.*, 202 So.2d 8 (Fla. App. 1967). It is an agreement between plaintiff and some, but less than all defendants, whereby the parties place limitations on the financial responsibility of the agreeing defendants, the amount of which is variable and usually in some inverse ratio to the amount of recovery which plaintiff is able to make against the non-agreeing defendant or defendants. *Maule Industries Inc. v. Roundtree*, 264 So.2d 445 (Fla. 1972), rev'd. 284 So.2d 389 (Fla. 1973).

The opinion issued in *Ward v. Ochoa*, 284 So.2d 285 (Fla. 1973) said that if the agreement shows that the signing defendant will have his maximum liability reduced by increasing the liability of one or more co-defendants, such agreement should be admitted into evidence.

These agreements tend to encourage collusion which could result in a denial of a fair trial to non-agreeing defendants.

"Secrecy is the essence of such an agreement because the court or jury as trier of the fact, if apprised of this, would likely weigh differently the testimony and conduct of the signing defendant as related to the non-signing defendant, . . . " *Ward v. Ochoa, supra,* at 387.

Although no Pennsylvania court has addressed admissibility of Mary Carter agreements, other jurisdictions concur in the notion that such agreements must be admitted into evidence. *Ward v. Ochoa, supra.* "All of the authority, direct authority

on Mary. Carter releases comes from sister jurisdictions." (N.T. October 27, 1988, at 5.)

In reliance on the *Mary Carter* case of 1967, and the Florida Supreme Court case reversing it, in the matter of *Ward v. Ochoa, supra,* this court finds the more recent Florida law most persuasive.

Plaintiffs and settling defendants have a common interest in seeing that Talin, the non-settling defendant, is found liable at trial. Such an agreement undermines the adversary nature and integrity of the proceedings against defendant Talin. *G.M. Corp. v. Simmons,* 558 S.W.2d 855 (Texas 1977).

"It would be reversible error not to tell the jury of this agreement. This agreement is so far outside the bounds of our sense of fairness, that actually people are conspiring against the additional defendant, and we're keeping this from the jury." (N.T. October 25, 1988, at 11-2.)

Defendant, Talin, strongly supports the view stated in *Mayle Industries Inc. v. Roundtree, supra,* that such agreements tend to encourage collusion and dishonest practices.

The settlement agreement involved here was unduly prejudicial and biased against Talin.

Plaintiffs in consideration of the settlement and the monies received must pursue their action against defendant. Defendants Continental and Gross have a distinct pecuniary interest in having the jury render a verdict against Talin, additional defendant.

For this reason, the release must be admitted into evidence and permitted to be shown to the jury. Plaintiffs maintain that 42 Pa.C.S. §6141(c) bars the use of settlement agreements between plaintiffs and defendants for any use at trial. 42 Pa.C.S. §6141(c) provides:

"*Admissibility in evidence* — Except in an action in which final settlement and release has been

pleaded as a complete defense, any settlement . . . shall not be admissible in evidence on the trial of any matter."

In *Wilkerson v. Allied Van Lines Inc.*, 360 Pa. Super. 523, 521 A.2d 25 (1987), appeal granted, 517 Pa. 594, 535 A.2d 81 (1987), the court interpreted the statute to ban the introduction into evidence of a pretrial settlement agreement to attack the credibility of the witnesses. However, this case did not require plaintiffs to pursue their action against remaining defendant(s).

According to plaintiffs, the settlement agreement does not comport with the elements of a "Mary Carter" agreement. They contend that the agreement was fully and properly disclosed to the court.

This court does not overlook the rule that settlement agreements are generally not admissible in evidence. See *Weingrad v. Philadelphia Electric Co.*, 324 Pa. Super. 16, 471 A.2d 100 (1984). However, contrary to plaintiffs' assertions, 42 Pa.C.S. §6141(c) does not govern because this settlement agreement did constitute a "Mary Carter" agreement.

Footnote 3 in *Weingrad, supra* states:

"[T]he public policy of promoting settlements would not be frustrated by a law which permits the admission of evidence of settlements when offered to prove bias or prejudice of a witness."

In the interests of fairness and justice, to ensure that the jury fairly weighs the credibility of the witnesses, and properly determines liability, the jury must be apprised of the settlement agreement.

Therefore, it would not constitute prejudicial error to admit this agreement into evidence at trial. In fact, in the opinion of this court, it would be error for this court to deny the jury of knowing all the facts and weighing the motives and financial interests of the respective parties.

The non-disclosure of releases in cases concerns itself with final settlement. This is not a final settlement; original defendants have a specific pecuniary interest in the outcome of this case which remains open until the "final conclusion" of litigation.

In summary, this court's order granting additional defendant, Talin's, motion in limine seeking introduction into evidence of the settlement agreement and release was proper.