SCHEB, Acting Chief Judge.
Petitioner, Everett E. Henkel, is a defendant in the trial court in a civil action seeking compensatory and punitive damages. He now seeks a writ of common law certiorari to quash a discovery order requiring him to produce extensive records concerning his financial worth.
Petitioner raises several points. The only one that merits discussion is his contention that the circuit court departed from the essential requirements of the law in denying his motion for a protective order in which he made a general attack on the relevance of the financial records he was ordered to produce. Petitioner admits that the complaint contains a prayer for punitive damages, making the question of his net worth relevant. Rinaldi v. Aaron, 314 So.2d 762 (Fla.1975). Petitioner urges that punitive damages are improper in this ease, yet he fails to demonstrate whether a motion to dismiss had been filed or ruled on below. In this posture of the case, we are unable to say that the trial judge departed from the essential requirements of law in permitting the challenged discovery.
We note that several items requested by respondent appear overbroad even given the pendency of the count seeking punitive damages. Petitioner’s motion for protective order, however, did not object as to specific items and failed to show that good cause was present to limit or prohibit the discovery due to “annoyance, embarrassment, oppression, or undue burden or expense” as required by Florida Rule of Civil Procedure 1.280(c).
We deny certiorari without prejudice to petitioner promptly filing an amended motion for protective order in the trial court specifying precisely the items objected to with a showing of good, cause as contemplated by Rule 1.280(c).
Certiorari denied.
CAMPBELL and SCHOONOVER, JJ„ concur.