SHAW, Justice.
This cause is before us pursuant to a certified question from the Fourth District Court of Appeal:
IF A MARY CARTER AGREEMENT IS ENTERED INTO AND NONPARTICIPATING DEFENDANTS REQUEST THAT THE JURY BE SO ADVISED, MUST THE ENTIRE AGREEMENT ALWAYS BE PUT IN EVIDENCE.
Insurance Co. of North America v. Sloan, 432 So.2d 132, 135 (Fla. 4th DCA 1983). We have jurisdiction. Art. V., § 3(b)(4), Fla. Const.
Sloan left her sapphire ring with McCabe, a jeweler, for an appraisal. McCabe sent it to Bechtel, a gemologist, to verify its authenticity. Bechtel put the ring in an ultrasonic machine to clean it, and the sapphire was fractured. Sloan sued Bechtel Jewelers, Inc. (Bechtel) and its insuror, Insurance Company of North America (INA), and Terence F. McCabe, Inc. (McCabe) and its insuror, Hanover Insurance Company (Hanover), for damages. Hanover admitted coverage, but INA did not.
Prior to trial Sloan entered into two interrelated agreements, with McCabe, Hanover, and Bechtel, which provided that if a verdict was rendered against INA, and any of the remaining defendants, Sloan would look for recovery to INA only. In the event INA were not found liable, Sloan would look to Bechtel for the first $30,000 of a damage award and to McCabe/Hanover for any amount in excess of $30,000 up to $60,000. That is, neither defendant would be liable for more than $30,000, and they could escape liability altogether in the event the jury included INA among those liable for damages to Sloan. These agreements were typical of those that have come to be known as “Mary Carter” agreements, wherein a limit is placed upon the liability of agreeing defendants, and potential liability is reduced or extinguished, depending upon the recovery against the nonagreeing defendant. The agreeing defendant stays in the lawsuit. “Secrecy is the essence of such an arrangement, because the court or jury as trier of the facts, if apprised of this, would likely weigh differently the testimony and conduct of the signing defendant as related to the non-signing defendants.” Ward v. Ochoa, 284 So.2d 385, 387 (Fla.1973). In order that judges and juries are not deceived by such agreements, we have held that they are discoverable and admissible into evidence. Id.
In the present case, INA sought to make the agreements known to the jury, but sought to excise certain self-serving opinions expressed therein unfavorable to INA. The trial court ruled that if the agreements came in, they would have to be admitted in their entirety, i.e., all or nothing. The jury found in favor of Sloan and against Bechtel and INA in the amount of $55,000 plus costs.
The district court reversed, finding that the jury may well have been misled or prejudiced by the language imputing recalcitrance to INA and concluding that coverage was “not arguable.” We approve the decision of the district court. The issue of coverage in this case was a jury question, and agreements containing a self-serving conclusion on coverage and language otherwise adverse to INA were unduly suggestive and should not have come before the jury. As a result, INA did not receive a fair trial.
Were we to hold that a Mary Carter agreement must always be admitted in its entirety, we would encourage creative drafting that would prejudice nonagreeing defendants, who would then be faced with a Hobson’s choice regarding the introduction of such an agreement. It is the terms of the agreement the trier of fact should *385 know, not the self-serving opinions set out therein.
We answer the certified question in the negative and hold that self-serving, prejudicial language should be excised before a Mary Carter agreement is submitted to the jury.
The decision of the district court is approved.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, MeDONALD and EHRLICH, JJ., concur.