475 So.2d 932 (1985)
Katherine DIAZ, a Minor, by and through Her Mother and Natural Guardian, Carmen RIVAS, and Carmen Rivas, Individually, Appellants,
v.
SEARS, ROEBUCK & COMPANY, Allstate Insurance Company and Westinghouse Electric Corporation, Appellees.
Nos. 84-676, 84-942.
District Court of Appeal of Florida, Third District.
August 20, 1985.
Rehearing Denied October 4, 1985.
*933 High, Stack, Lazenby, Palahach & Lacasa, Coral Gables, and Robert Tilghman, North Miami, for appellants.
Stinson, Lyons & Schuette and Mark D. Greenberg, Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Plaintiffs appeal an award in a personal injury action and denial of post-trial motions to interview jurors and for a new trial. Sears and Allstate cross appeal a post-trial order requiring Sears to contribute 25% to Westinghouse. Westinghouse cross appeals a punitive damages award.
Katherine Diaz, age four, sustained leg injuries while riding with her family on an escalator (designed, made and maintained by Westinghouse) located in a Sears store in Coral Gables. Plaintiffs' personal injury action sought compensatory and punitive damages as against Westinghouse for breach of warranties, negligent design and manufacture, and for its failure to warn despite notice. As against Sears and its insurer Allstate ("Sears") the suit was based on negligence and failure to warn patrons of a known dangerous condition. Prior to trial plaintiffs and Sears entered into an agreement wherein Sears would only be liable for any damages awarded to plaintiffs to the extent the jury's award as against all defendants was less than $75,000. The court ruled, over Sears' and the plaintiffs' objections, that the jury would be advised of the fact and effect of the agreement, but it would not be admitted into evidence. The court instructed the jury that the plaintiffs had agreed that Sears would only have to pay plaintiffs the difference between $75,000 and an award of less than, or up to that amount. The jury was cautioned that this did not affect the plaintiffs' right, if any, against Westinghouse and its responsibility, if any, to plaintiffs.
The jury returned a verdict awarding Katherine and her mother compensatory damages and apportioning negligence 75% to Westinghouse and 25% to Sears. It also assessed punitive damages of $75,000 against Westinghouse and $25,000 against Sears. Plaintiffs moved for a new trial on compensatory damages and sought to interview the jurors as to their understanding of the effect of the agreement, which they had asked the court to explain during their deliberations. Sears moved to set aside the punitive damages award in accordance with its motion for directed verdict and Westinghouse filed a similar motion as to punitive damages and moved to declare the agreement null and void as against it. The court ruled that the agreement, although valid between the executing parties, was properly excluded as it was self-serving and inflammatory. The court also ruled that Westinghouse was not bound by the agreement, as it was not a party thereto, and was entitled to 25% contribution from Sears under Sections 768.041, 768.31, Florida Statutes (1981) pursuant to the jury's apportionment of liability. Plaintiffs' motions to interview jurors and *934 for a new trial were denied. Defendants' motions for directed verdict, etc. were denied. Plaintiffs appeal and defendants cross-appeal.
Numerous points have been raised on the main appeal and the cross-appeals. We find no error in the trial court's refusing to admit the agreement into evidence. The record indicates that the trial judge fairly and adequately advised the jury of the terms of same. Insurance Company of North American v. Sloan, 432 So.2d 132 (Fla. 4th DCA 1983), approved Bechtel Jewelers v. Insurance Company of North America, 455 So.2d 383 (Fla. 1984). We find no error in the trial court's refusing to grant the plaintiffs a new trial because of alleged confusing instructions and inadequate damage award. Middelveen v. Sibson Realty, Inc., 417 So.2d 275 (Fla. 5th DCA 1982); American National Bank of Jacksonville v. Norris, 368 So.2d 897 (Fla. 1st DCA 1979); Taylor v. Craig, 354 So.2d 105 (Fla. 3d DCA 1978); Popham v. Baker, 309 So.2d 222 (Fla. 3d DCA 1975). We also find no error in the trial court's exercising its discretion in denying plaintiffs' motion to interview the jurors. Cummings v. Sine, 404 So.2d 147 (Fla. 2d DCA 1981); Kasper Instruments, Inc., v. Maurice, 394 So.2d 1125 (Fla. 4th DCA 1981); National Indemnity Company v. Andrews, 354 So.2d 454 (Fla. 2d DCA 1978).
The court correctly ruled Westinghouse was entitled to contribution from Sears for 25% of the compensatory damages and taxable costs. Sears' argument that Westinghouse is precluded from receiving contribution pursuant to Section 768.31(2)(c), Florida Statutes (1981) is without merit. Section 768.31(2)(c), Florida Statutes (1981) applies only to intentional tortfeasors and there was no evidence or verdict[1] finding Westinghouse intentionally committed a negligent act. We agree with the holding of the First District Court of Appeal in the case of Frier's, Inc. v. Seaboard Coastline Railroad Company, 355 So.2d 208 (Fla. 1st DCA 1978) wherein they held that an agreement similar to the one in the instant case constitutes a covenant not to enforce judgment pursuant to Section 768.31(5), Florida Statutes (1981) which only discharges a tortfeasor from liability if the covenant is given in good faith. In the instant case, there is more than ample evidence of Sear's bad faith as demonstrated by the agreement on its face and Sear's collusion with the plaintiffs in the trying of their case. Compare Sobick's Sandwich Shops, Inc. v. Davis, 371 So.2d 709 (Fla. 4th DCA 1979).
The court erred in denying Westinghouse's motion for directed verdict and/or judgment n.o.v. on the punitive damages issue where the evidence fails to show a reckless disregard for the rights of others, which would constitute a degree of conduct that would support a manslaughter charge as outlined in White v. DuPont,[2] 455 So.2d 1026 (Fla. 1984) wherein the Supreme Court of Florida said the following in respect to the right to recover punitive damages.
"[2] In Carraway we made it clear that something more than gross negligence is needed to justify the imposition of punitive damages:
[G]ross negligence ... is that kind or degree of negligence which lies in the area between ordinary negligence and wilful and wanton misconduct sufficient to support a judgment for exemplary or punitive damages ... 116 So.2d at 22. This Court agreed with the district court *935 "`that the character of negligence necessary to sustain a conviction for manslaughter is the same as that required to sustain a recovery for punitive damages.'" Id. at 20. We then stated:
There is a real affinity between the character (or kind or degree) of negligence necessary to recover punitive damages or to sustain or warrant a conviction of manslaughter. Both have, as a basic purpose, the punishment of the offender. The offender in a manslaughter action may be deprived of his liberty or property by the State while the offender in an action for that kind of negligence justifying the imposition of punitive damages is deprived of his property  not as compensation to the injured party but as punishment  ergo, both are punishment and partake of public wrongs, to a greater or less degree.

Id. (footnotes omitted).
In a footnote, we set forth the standard to be met to justify the imposition of punitive damages upon a defendant:
The character of negligence necessary to sustain an award of punitive damages must be of a "gross and flagrant character, envincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to the rights of others which is equivalent to an intentional violation of them".

Id. at 20 n. 12 (citations omitted).
Therefore, we approve and reaffirm the language set forth in Carraway and adopt it as the proper standard to be applied when imposing punitive damages upon a defendant.
Therefore finding the only error being the failure to direct a verdict as to punitive damages as to the defendant Westinghouse we affirm the final judgment as rendered, except we modify it by striking the award of punitive damages.
Affirmed as modified.
NOTES
[1] The verdict interrogatories found Sears and Westinghouse both to have been guilty.

"1. Was there negligence on the part of the Defendant, SEARS, ROEBUCK & COMPANY which was a legal cause of damage to Plaintiffs?
 YES XX NO ____
2. Was there negligence on the part of the Defendant, WESTINGHOUSE ELECTRIC CORPORATION which was a legal cause of damage to Plaintiffs?
 YES XX NO ____"
The negligence being of same degree, the ultimate responsibility should be apportioned in accord with the jury's assessment of fault.
[2] It is noted that White v. DuPont, supra, was decided subsequent to the trial court's orders under review.