474 So.2d 1231 (1985)
Lawrence W. SOLODKY and Marvin E. Newman, Petitioners,
v.
Donald E. WILSON, Respondent.
No. 85-486.
District Court of Appeal of Florida, Fifth District.
August 22, 1985.
*1232 Daniel DeCiccio, of Rumberger, Kirk, Caldwell, Cabaniss & Burke, P.A., Orlando, for petitioners.
Jonathan C. Green, Orlando, for respondent.
ORFINGER, Judge.
We grant the petition for writ of certiorari, and quash the order of March 27, 1985, denying defendants' motion for a protective order and requiring them to produce their financial records for inspection.
To assert a claim for punitive damages in a civil case, more than gross negligence must be asserted. Como Oil Company, Inc. v. O'Loughlin, 466 So.2d 1061 (Fla. 1985). Instead,
[t]he character of negligence necessary to sustain an award of punitive damages must be of a "gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them." [Emphasis added].
White Construction Company v. Dupont, 455 So.2d 1026, 1029 (Fla. 1984) (quoting Carraway v. Revell, 116 So.2d 16 (Fla. 1959)).
An attorney who gives improper or erroneous advice to a client who suffers damage as a result may be subject to a malpractice action for compensatory damages, but such negligence, if it exists, and even if gross, does not warrant an award of punitive damages absent the necessary allegations and proof of wantonness or reckless indifference which White requires.[1] *1233 Neither does the fact that the attorney who allegedly gave the bad advice had listed his name with a lawyer referral service as being proficient in that particular field of law, by itself, rise to the required level of wantonness or reckless indifference. That is the sole basis for the claim for punitive damages here, and although there are conclusory allegations that the attorney acted wantonly and recklessly, these conclusions are not supported by allegations of fact.
Requiring a defendant to reveal his financial resources may have far reaching effects out of all proportion to any benefit it may provide in the case. For that reason, the Florida Supreme Court, in Tennant v. Charlton, 377 So.2d 1169 (Fla. 1979) held that:
Florida Rule of Civil Procedure 1.280(c) provides that for good cause shown, the trial court may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires. The trial court should keep in mind that in most punitive damages cases, at the time plaintiffs are seeking discovery of defendants' financial resources, there has not yet been a judicial determination of the defendants' liability. If plaintiffs were allowed unlimited discovery of defendants' financial resources in cases where there is no actual factual basis for an award of punitive damages, the personal and private financial affairs of defendants would be unnecessarily exposed and, in some cases, the threat of such exposure might be used by unscrupulous plaintiffs to coerce settlements from innocent defendants. In determining whether defendants' motion for protective order under rule 1.280(c) is "for good cause shown," the trial court may consider, among other things, whether or not an actual factual basis exists for an award of punitive damages. [Emphasis added].
Id. at 1170.
Because the complaint as framed does not properly state a claim for punitive damages and because there has been no showing that plaintiffs are entitled to such damages, the motion for protective order should have been granted. The order denying that relief is quashed.
Writ granted. Order quashed.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] There has been no proof yet presented to substantiate any of the plaintiffs' claims. Because we are reviewing the pleadings, we assume the allegations to be true only for the purposes of this discussion.