498 So.2d 495 (1986)
Wient B. JENKINS and Cairn Holding Company d/b/a Brandywine, Petitioners,
v.
John B. MILLIKEN and Joan Milliken, His Wife, Respondents.
No. 86-2107.
District Court of Appeal of Florida, Second District.
November 5, 1986.
On Motion for Rehearing December 12, 1986.
*496 D. James Kadyk and Cody Fowler Davis of Macfarlane, Ferguson, Allison & Kelly, Tampa, for petitioners.
Brian B. Eisenstadt of Riden, Watson & Goldstein, P.A., St. Petersburg, for respondents.
GRIMES, Acting Chief Judge.
This is a petition for certiorari from the denial of a motion for protective order attempting to avoid furnishing financial information.
Respondents (Millikens) filed suit for compensatory and punitive damages against petitioners (Brandywine and Wient Jenkins) for injuries suffered by Mr. Milliken in an incident that took place at the Brandywine apartment complex clubhouse. Jenkins, a property attendant employed by Brandywine, asked the Millikens to reduce the noise level at their wedding party. A dispute ensued, and Jenkins struck Mr. Milliken on the head with a flashlight. In the course of discovery, the Millikens served interrogatories and requests for production seeking detailed financial data from Brandywine. The court ordered Brandywine to furnish the requested information.
An order which requires the disclosure of financial information in support of a claim for punitive damages provides a proper predicate for certiorari jurisdiction. Solodky v. Wilson, 474 So.2d 1231 (Fla. 5th DCA 1985). If Brandywine is correct that it cannot be held liable for punitive damages, an appeal from the final judgment would come too late because Brandywine would have already disclosed the requested data.
On the merits, the Millikens point to Henkel v. Jasin, 425 So.2d 1219 (Fla. 2d DCA 1983), in which we declined to overturn an order requiring the disclosure of financial records because the complaint for punitive damages had not been shown wanting. Here, the Millikens' allegations of negligent hiring and retention of Jenkins were sufficient to state a claim for punitive damages against Brandywine because an employer need only be at fault in order to be held vicariously liable for punitive damages occasioned by the misconduct of its employee. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981).
However, in addition to the complaint, the record also contains the depositions of the Millikens and Jenkins as well as that of Delores Clark, the district manager for Brandywine who hired Jenkins. Apparently, Jenkins had been living in one of the Brandywine apartments when he was hired. Before hiring Jenkins, Ms. Clark reviewed his job application as well as his previous rental application and also conducted an interview. She inquired into Jenkins' work experience and the state of his health and learned that he had not been convicted of a felony. Ms. Clark made it clear to Jenkins that the position was that of a property attendant and not that of a security guard and explained that the duties consisted of locking up the pools at night, checking the laundries for vagrants, and tagging inoperable cars. Additionally, she instructed him that if there was a complaint of noise, he was to ask the participants to keep quiet, and if he did not get an immediate response, he was to call the police. Jenkins stated that he had previously worked as a heavy equipment operator and a truck driver and had served in the Coast Guard. He had never been arrested for assault or battery and had only been convicted of minor traffic violations. There is no indication that Jenkins had been involved in prior altercations while working for Brandywine.
When an employee is hired to work outside with only incidental contact with others, it is ordinarily sufficient to obtain past employment information and personal data. Williams v. Feather Sound, Inc., 386 So.2d 1238 (Fla. 2d DCA 1980), petition for review denied, 392 So.2d 1374 (Fla. 1981). Unless circumstances dictate otherwise, there is no need to make an independent inquiry into the employee's past. Garcia v. Duffy, 492 So.2d 435 (Fla. 2d DCA 1986). There was nothing in Jenkins' background to alert Brandywine *497 to seek an independent verification of the personal data furnished by Jenkins. Moreover, there is no indication on this record that there was anything in Jenkins' background which would adversely reflect on his ability to suitably carry out the job of property attendant. Therefore, despite the allegations in the complaint, there is simply no evidence which could support a finding of negligent hiring or retention on the part of Brandywine. Since its financial records are only relevant to the claim of punitive damages, Brandywine should not be required to make the disclosure.
We grant the petition for certiorari, quash the subject order, and direct that the court not require Brandywine to make the requested disclosure. Our ruling is without prejudice to subsequent discovery of Brandywine's financial data upon a showing by the Millikens of new evidence sufficient to make a jury issue on the question of Brandywine's fault.
SCHOONOVER and HALL, JJ., concur.

ON MOTION FOR RHEARING
GRIMES, Acting Chief Judge.
Brandywine has filed a motion for rehearing and clarification in which it seeks modification of the last sentence of our opinion. Brandywine contends that evidence of the employer's net worth is irrelevant to a claim for punitive damages unless the employer's own fault, considered spearately from that of its employee, in and of itself amounts to the type of wilful and wanton misconduct which would support punitive damages.
In Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), the court held that an employer could not be held vicariously liable for punitive damages occasioned by the misconduct of its employee unless the employer was also at fault. However, even though the employee's misconduct upon which the employer's vicarious liability is based must be wilful and wanton, it is not necessary that the employer's fault, independent of its employee's conduct, also be wilful and wanton. The question posed is whether evidence of the employer's net worth is admissible as part of the claim for punitive damages against the employer if the fault attributed to the employer did not, in and of itself, constitute wilful and wanton misconduct.
We construe Mercury Motors Express as addressing the circumstances under which an employer may be held vicariously liable for punitive damages predicated upon the wilful and wanton misconduct of its employee. Once the liability for punitive damages has been determined through the proof of fault on the part of the employer, there remains the question of the extent of the punitive damages to be awarded. Evidence of a defendant's financial worth is admissible in cases where punitive damages may be awarded on the theory that the wrongdoer should be punished "by extracting from his pocketbook a sum of money which, according to his financial ability, will hurt, but not bankrupt." Hoy v. Poyner, 305 So.2d 306 (Fla. 2d DCA 1974). Once it has been determined that an employer is liable, albeit vicariously, for punitive damages, a proper award cannot be made without consideration of the employer's ability to pay. Surely, evidence of the financial worth of the employee whose wilful and wanton misconduct precipitated the award will not suffice.
Accordingly, we deny petitioner's motion.
SCHOONOVER and HALL, JJ., concur.