508 So.2d 538 (1987)
BRADENTON MALL ASSOCIATES, a Florida General Partnership; Fred A. Beshara; Fred M. Beshara; James M. Beshara; Nicholas Manos; Dorothy Manos; Bradenton Mall Holding Corporation; Dorothy Manos, As Personal Representative of Nicholas Manos, Deceased; James M. Beshara, As Personal Representative of Fred A. Beshara, Deceased; and the Edward J. Debartolo Corporation, Petitioners,
v.
Pamela E. HILL, Respondent.
No. 87-793.
District Court of Appeal of Florida, Second District.
June 12, 1987.
T.R. Unice, Jr. of Bradham and Bennett, St. Petersburg, for petitioners.
Dale L. Price of Price & Price, Chartered, Bradenton, for respondent.
PER CURIAM.
Petitioners seek a writ of certiorari to quash an order of the circuit court which denied a motion to strike a claim for punitive damages and directed petitioners to furnish certain discovery information relative to that claim. Because the petition seeks relief from an objectionable request for production of financial information, we agree with petitioners that review by certiorari is appropriate. Tennant v. Charlton, 377 So.2d 1169 (Fla. 1979); Jenkins v. Milliken, 498 So.2d 495 (Fla. 2d DCA 1986).
Respondent states in her complaint that while a business invitee in a shopping mall owned and operated by petitioners she was abducted and raped by a third party assailant. Liability against petitioners is inferred from their alleged failure "to provide security even remotely adequate for the reasonable safety of their invitees." Respondent maintains that the assailant's *539 "manner of dress, unkept [sic] appearance, and length of stay on Defendants' premises, together with Defendants' past experience as to this property and immediate vicinity, should have put Defendant[s] ... on notice of the need to take the necessary and appropriate measures to protect Plaintiff from reasonably foreseeable harm" and that petitioners had actual or constructive knowledge of prior similar criminal acts committed upon other invitees.
Petitioners concede, and we agree, that the complaint is sufficient to state a cause of action for negligence. See, e.g., Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985), petition for review denied, 484 So.2d 8 (Fla. 1986); Crown Liquors of Broward, Inc. v. Evenrud, 436 So.2d 927 (Fla. 2d DCA 1983), petition for review denied, 447 So.2d 886 (Fla. 1984). However, the degree of negligence required to sustain a claim for punitive damages is more than gross negligence. It must involve "that entire want of care which would raise the presumption of a conscious indifference to consequences ... or that reckless indifference to the rights of others which is equivalent to an intentional violation of them." White Construction Co. v. Dupont, 455 So.2d 1026, 1029 (Fla. 1984), quoting from Carraway v. Revell, 116 So.2d 16, 20 n. 12 (Fla. 1959).
Ten Associates v. Brunson, 492 So.2d 1149 (Fla. 3d DCA), petition for review denied, 501 So.2d 1281 (Fla. 1986), dealt with a factual scenario similar in principle to the allegations in the case at bar. The defendants in Ten Associates owned and operated an apartment complex located in a high crime area. During the course of approximately one year there were over sixty reported "incidents," yet the landlords discharged a private security agency and undertook to provide security themselves using persons generally lacking in experience or training. A victim of one attack successfully sued for negligence, but on appeal the court found no basis for the award of punitive damages, noting that defendants had made at least some effort to provide security. See also, Gerber Children's Centers, Inc. v. Harris, 484 So.2d 91 (Fla. 5th DCA 1986). If the actions of the defendants in Ten Associates, which allegedly were motivated primarily by financial considerations, do not rise to the level of malice and recklessness required for an award of punitive damages, it cannot be said that respondent has pled an adequate case against petitioners. Respondent does not claim that petitioners provided no security, only that the security that was present negligently failed, as did the one guard on duty in Ten Associates, to recognize the danger posed by respondent's attacker.
Respondent attempts to distinguish the present case from Jenkins because there the trial court conducted an evidentiary hearing and had before it depositions and other indicia of the plaintiffs' ability to prove their case whereas here petitioners essentially ask us to make the same determination on the pleadings alone. However, if the facts as set forth in a complaint are taken as true and still do not properly state a claim for punitive damages, the court can enter a protective order solely upon a review of the pleadings. Solodky v. Wilson, 474 So.2d 1231 (Fla. 5th DCA 1985). In the present case, although respondent ends the allegations in her complaint by stating that petitioners' inadequate security precautions "exhibited a willful, wanton and reckless disregard for the rights, safety, and welfare of Plaintiff," such statements are no more than "conclusory allegations ... not supported by allegations of fact." Solodky, 474 So.2d at 1233.
For the foregoing reasons we grant the petition for writ of certiorari and direct the trial court to sustain petitioners' objections to the request for production. Our decision is without prejudice to subsequent discovery of petitioners' financial data in the event respondent drafts factual allegations or produces new evidence sufficient to sustain a claim for punitive damages. Jenkins.
*540 Certiorari is granted and the matter remanded with directions for further proceedings consistent with this opinion.
RYDER, A.C.J., and SCHOONOVER and FRANK, JJ., concur.